IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY<br>d/b/a AMERENUE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 4:10-cv-01153 |
| | ) | |
| vs. | ) | |
| | ) | |
| ENERGY INSURANCE MUTUAL<br>LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT EIM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

### Preliminary Statement

By way of this motion to dismiss, Defendant Energy Insurance Mutual Limited

("EIM") seeks to enforce the mediation clause and the exclusive forum selection clause

included in its insurance policy (the "Policy") issued to--and signed by--Plaintiff Union

Electric Company ("UEC"), a multi-billion dollar public utility.

EIM is not your typical commercial insurance company.  Rather, it is a joint

venture among utilities, structured as a mutual insurance company, meaning that the

insureds are the ones that own the company.  Policies are issued only to Member Insureds

and the Policy specifically provides that "the Member Insured becomes a Member of the

Company as part of obtaining insurance from the Company."  Policy, Section IV(B).[1]

Unlike an insured in a typical general liability policy issued by a commercial carrier, the

insured in an EIM Policy (that is, a Member Insured) signs the Policy to further

---

[1] For the convenience of the Court and the parties, a copy of the EIM policy, which Plaintiff already has
attached to its Verified Complaint, accompanies this memorandum.

memorialize its agreement with the terms and conditions in the Policy (as the Plaintiff did here through a power of attorney).  Policy, p. 9.

Unlike the situation with a typical commercial insurance company, here, it is the insureds – *i.e.*, the utilities – who run the company and who were responsible for drafting the insurance policy at issue in this case.  Indeed, the language of the Policy memorializes this fact, in Section IV(J), which states: "The Company and Member Insured mutually acknowledge that the form, terms and conditions of the Policy have been formulated by representatives of the participating utilities . . . ."

Interestingly, UEC mentions in its complaint (¶ 23) that the Policy contains a choice of law clause and an arbitration clause, but completely ignores the clause under which it agreed that the first step in trying to resolve a dispute would be a form of mediation (a mini-trial).  The Policy states, in relevant part:

> In the event of any dispute between the Insured and the Company as to any matters arising out of or relating to any provision of this Policy, the parties shall attempt to resolve the dispute by use of a mini-trial.

Policy, Section J(2)(a) (emphasis added).  Caselaw throughout the country makes clear that a lawsuit should be dismissed if a party fails to engage in mediation that is required under its contract.

In addition to ignoring the mediation clause in the Policy, UEC also ignores the choice of forum clause that requires that all non-arbitrable claims be resolved exclusively in the courts in New York.  The Policy states:

> To the extent that any claim or controversy between the Insured and the Company hereunder is not subject to arbitration for any reason whatsoever, the United States District Court for the Southern District of New York shall have exclusive jurisdiction.

2

Policy, Section IV(J)(4) (emphasis added).  According to UEC, its dispute with EIM is

non-arbitrable.  If this is so, then the forum selection clause makes it entirely

inappropriate for UEC to ask that this Court – as opposed to a court in New York –

resolve its dispute with EIM.  By UEC's agreement, New York is the exclusive judicial

forum for adjudicating this dispute.

    For both of these reasons, this lawsuit should be dismissed.

## Argument

### Point I

#### THE LAWSUIT SHOULD BE DISMISSED BECAUSE UEC DID NOT COMPLY WITH ITS OBLIGATION TO PARTICIPATE IN A MINI-TRIAL BEFORE RESORTING TO OTHER DISPUTE RESOLUTION MECHANISMS

    The dispute resolution clause in the Policy demonstrates the parties' intent to use

alternative dispute mechanisms.  Thus, the parties agreed as follows:

> In the event of any dispute between the Insured and the Company
> as to any matters arising out of or relating to any provision of this
> Policy, the parties shall attempt to resolve the dispute by use of a
> mini-trial.

Policy, Section J(2)(a) (emphasis added).  The Policy goes on to provide that the party

raising the dispute shall provide written notice to the other side that summarizes the

dispute, and it sets forth procedures for the mini-trial.

    EIM is unaware of any cases within this Circuit that address the particular issue of

a party that commences litigation in violation of a mandatory ADR provision.  But

numerous other courts have uniformly decided that lawsuits may not go forward if

brought in violation of a contractual provision requiring an alternative dispute mechanism

prior to resorting to the courts.

3

For example, <u>DeValk Lincoln Mercury, Inc. v. Ford Motor Co.</u>, 811 F.2d 326 (7th Cir. 1987), concerned a dispute between an automobile dealership and Ford over the termination of the dealership.  Ford sought to dismiss certain of the claims on the ground that the dealership was required to engage in mediation prior to bringing a lawsuit.  The contract provided as follows:

> <u>Any protest, controversy or claim by the Dealer</u> (whether for damages, stay of action or otherwise) with respect to any termination or nonrenewal of this agreement by the Company or the settlement of the accounts of the Dealer with the Company after any termination or nonrenewal of this agreement by the Company or the Dealer has become effective, <u>shall be appealed by the Dealer to the Policy Board</u> within fifteen (15) days after the Dealer's receipt of notice of termination or nonrenewal. . .

<i>Id.</i> at 335 (emphasis in original).  The district court granted summary judgment in favor of Ford on the ground that the dealership had failed to engage in mediation before commencing its lawsuit.  The Seventh Circuit affirmed.

In an analogous case interpreting the exact same clause, the Sixth Circuit affirmed summary judgment in favor of Ford because the dealership had failed to engage in mediation.  <u>Bill Call Ford, Inc. v. Ford Motor Co.</u>, 48 F.3d 201, 208 (6th Cir. 1995).

The decision in <u>Centaur Corp. v. ON Semiconductor Components Industries, LLC</u>, No. 09 CV 2041, 2010 U.S. Dist. LEXIS 8495, at *7 (S.D. Cal. Feb. 2, 2010) is also directly on point.  The contract at issue in that case provided that the parties would attempt first to settle disputes through good faith negotiation.  It further provided: "If those attempts fail, then the dispute will be mediated by a mutually acceptable mediator to be chosen by [the parties] within forty-five (45) days after written notice by either [party] demanding mediation."  The defendant moved to dismiss the lawsuit under FRCP 12(b)(6) on the ground that the plaintiff had failed to mediate.

4

Using ordinary principles of contract interpretation, the court held that the use of the word "will" in the mediation clause made the clause mandatory. The court concluded, as did the Sixth and Eighth Circuits, that a mandatory mediation clause is a condition precedent to a lawsuit and that, therefore, a suit is premature if the plaintiff did not first mediate. Accordingly, the court dismissed the lawsuit without prejudice.

Similarly, in Delmater v. Anytime Fitness, Inc., No. 09-CV-2025, 2010 U.S. Dist. LEXIS 64126, at *31 (E.D. Cal. June 28, 2010), the contract provided that "we each agree to enter into mediation of all disputes involving this Agreement or any other aspect of this relationship between us, for a minimum of four (4) hours, prior to initiation of any legal action or arbitration against the other." The court held that the plaintiff's failure to mediate was the failure to satisfy a condition precedent to initiating a lawsuit and therefore dismissed the complaint.

One final example is Ziarno v. Gardner Carton & Douglas, LLP, Civ. A. No. 03-3880, 2004 U.S. Dist. LEXIS 7030, at *7-8 (E.D. Pa. Apr. 8, 2004). There, the agreement provided: "any dispute shall be resolved in [] a summary, low-cost procedure in which we will jointly appoint a qualified and independent mediator-arbitrator who has special expertise in such matters. If we are not able to agree on a mediator-arbitrator who has special expertise in such matters, we will submit the dispute to mediation, and if necessary arbitration, under the rules of the American Arbitration Association." The plaintiff did not engage in these ADR processes before commencing its lawsuit. In dismissing the lawsuit, the court ruled as follows:

> The Court finds that the unambiguous intent expressed in the contract was for the parties to submit to private mediation/arbitration prior to bringing suit. Therefore the Court

5

does not have subject matter jurisdiction over this claim at this
time.

*Id.* at \*7-8.

In the case at bar, the Policy includes a mandatory requirement that parties engage in a mini-trial in the event of a dispute. As in the cases described in the foregoing, this mandatory requirement means that the mini-trial is a condition precedent to any lawsuit. Since UEC did not engage in a mini-trial as required by the Policy, this lawsuit should be dismissed.

It is also clear that UEC's McCarran-Ferguson argument does not change the result of a party's failure to engage in a contractually required alternative dispute mechanism. UEC contends that the arbitration clause in the Policy is unenforceable under Section 435.530 of the Missouri Uniform Arbitration Act and the McCarran-Ferguson Act. But those statutes speak, at most, to the issue of a party to an insurance policy having the right to have its dispute adjudicated in the courts rather than in arbitration. The statute says nothing, however, about the unenforceability of an agreement requiring the parties to engage in a non-binding form of alternative dispute resolution. Nor would requiring a party to abide by its agreement to a non-binding alternative dispute mechanism be in any way inconsistent with the provision of Missouri law invalidating an arbitration provision (which procedure results in a binding decision in lieu of a decision by the courts). In the event that the mini-trial does not result in a consensual resolution of the dispute, UEC would then be able to invoke whatever rights it believes it has under Section 435.530 of the Missouri Uniform Arbitration Act and the McCarran-Ferguson Act.

6

In sum, UEC made no effort in this case to comply with its contractual obligation to engage in a mini-trial as the first step of dispute resolution. Accordingly, this lawsuit should be dismissed.

**Point II**

**THE LAWSUIT SHOULD BE DISMISSED BECAUSE THE PARTIES AGREED ON NEW YORK AS THE EXCLUSIVE LITIGATION FORUM FOR RESOLVING DISPUTES**

As just discussed, the Policy requires that the parties engage in a mini-trial as the first step in trying to resolve any dispute. The Policy goes on to provide that, in the event that the mini-trial is not successful, all disputes "shall" be resolved through arbitration in New York. Policy, Section IV(J)(3). But the Policy also sets forth an exclusive choice of forum for litigating disputes in the event that a particular claim cannot be arbitrated. Specifically, the Policy states:

> To the extent that any claim or controversy between the Insured and the Company hereunder is not subject to arbitration for any reason whatsoever, the United States District Court for the Southern District of New York shall have exclusive jurisdiction.

Policy, Section IV(J)(4) (emphasis added).

Accordingly, the sophisticated utilities that formed this mutual insurance company and jointly drafted the terms of the Policy made clear that they did not want their jointly owned venture to be subject to litigation in each of the 50 States. Rather, they clearly expressed their desire that all disputes would be arbitrated in New York and that if, for any reason, a particular matter would have to be in court instead of in arbitration, that litigation would be in the courts in New York. In other words, by agreement among the Member Insureds of EIM, there are only two possibilities for

7

adjudicating disputes under the Policy: arbitration in New York or litigation in New York.

In this case, UEC has explained that it does not believe that its dispute with EIM is arbitrable. EIM disagrees with that view and certainly reserves its right to defend against UEC's request for a declaratory judgment on that issue and to compel arbitration. But assuming, *arguendo*, that this dispute cannot be arbitrated, then, by agreement of the parties, UEC should have brought its case in New York. Respectfully, there was no basis for UEC to have commenced this case in Missouri and it should, therefore, be dismissed.[2]

The issue before the Court on the forum selection issue is a simple one and the Eighth Circuit has held clearly that dismissal is the proper remedy for a lawsuit brought in contravention of a forum selection clause. For example, *M.B. Restaurants, Inc., v. CKE Restaurants, Inc.*, 183 F.3d 750 (8th Cir. 1999), was a case brought in federal district court in South Dakota by restaurant franchisees against their franchisor for breach of contract and various torts. The franchise agreements "all contained a forum selection clause requiring that disputes between the franchisor and franchisee be litigated exclusively in Utah." *Id.* at 751. The district court granted the franchisor's motion to dismiss for improper venue and the plaintiffs appealed.

The Eighth Circuit affirmed the dismissal. Citing the Supreme Court's opinion in *M/S Bremen v. Zapata Off-Shore Co., 407 U.S. (1972)*, the court held:

> Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching.

---

[2] The Eighth Circuit has noted that there is a controversy over which FRCP Rule is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause in the parties' underlying contract. *See, Rainforest Cafe, Inc., v. EklecCo, L.L.C.*, 340 F.3d 544, n.5 (8th Cir. 2003). Because the motion in that case was brought under both Rules, the Eighth Circuit held that it need not decide the issue. For that reason, EIM brings its motion under both Rule 12(b)(3)and 12(b)(6) as well.

*Id.* at 752. The court went on to say that forum selection clauses "are enforceable unless they would actually deprive the opposing party of his fair day in court." *Id.*

As applied to the case at bar, there is nothing unreasonable about the sophisticated members of a mutual insurance company agreeing that all of the company's disputes will be resolved in a single forum, rather than the company being subject to jurisdiction in courts across the country.  There is no allegation of fraud or overreaching – nor can there be.  And, there is nothing about litigating this matter in New York that would deprive UEC of its day in court.

Another case directly on point is *Rainforest Cafe, Inc., v. EklecCo, L.L.C.*, 340 F.3d 544 (8th Cir. 2003), which involved a dispute over a lease agreement that included the following forum selection clause: "any dispute concerning the application or any interpretation of any portion of the Lease or the conduct of the parties shall be brought in the New York Supreme Court, Onondaga County."  When the plaintiff brought suit in Minnesota, EklecCo moved to dismiss on the grounds of improper venue.  The motion was granted and the plaintiff appealed.  The Eighth Circuit affirmed the dismissal because there was no question that the issue in dispute fell within the forum selection clause.

In the case at bar, the forum selection clause covers all disputes that are not subject to arbitration "for any reason."  UEC has made an argument that its dispute with EIM is not subject to arbitration.  Under UEC's view, therefore, the dispute falls within the forum selection clause.  Accordingly, this case should be dismissed just as the *Rainforest* case was dismissed.

9

Other Eighth Circuit cases have likewise held that a case should be dismissed if brought in a court other than the one agreed to by the parties in a forum selection clause. *Servewell Plumbing LLC v. Federal Insurance Co. ,* 439 F.3d 786 ( 8th Cir. 2006), arose out of a contract dispute between the plaintiff Servewell, a Tennessee corporation, and Summit, a Florida corporation, relating to the construction of an apartment complex in Arkansas.  When the plaintiff sued in Arkansas, the defendant moved to dismiss under Rule 12(b)(3) because the contract provided for disputes to be litigated in Florida.  The district court dismissed the case and the plaintiff appealed.  The Eight Circuit affirmed the dismissal, saying: "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." *Id. at 789.*

One final example is *Marano Enterprises of Kansas v. Z-Teca Restaurants*, 254 F.3d 753 (8th Cir. 2001), a lawsuit brought in Missouri when the contract provided for disputes to be resolved in the courts in Denver.  The district court granted the motion to dismiss under Rule 12(b)(3) and the Eighth Circuit affirmed. *See also Zurich American Ins. Co. v. Dawes Rigging & Crane Rental, Inc.,* 2006 U.S. Dist. LEXIS 11039 (E.D. Mo. March 17, 2006) (Jackson, J.) ("A forum selection clause is enforceable unless it is invalid or if enforcement would be unreasonable or unjust," citing *Marano).*

EIM and UEC are parties to a contract that provides that non-arbitrable disputes must be determined "exclusively" in the courts of New York.  UEC has brought a lawsuit of a claim that it asserts its non-arbitrable but has brought the suit in Missouri rather than in New York.  Under the law in the Eighth Circuit, a lawsuit brought in contravention of a forum selection clause must be dismissed.

10

## Conclusion

For the reasons set forth above, EIM respectfully requests that the UEC lawsuit be dismissed.

GOLDSTEIN and PRICE, L.C.
and Alan K. Goldstein, #3239

By: /s/ Alan K. Goldstein
One Memorial Drive, Suite 1000
St. Louis, MO 63102
Tel: (314) 516-1700
Fax: (314) 524-2832

Of counsel:

BAKER & McKENZIE LLP
and David Zaslowsky
1114 Avenue of the Americas
New York, NY  10036
Tel:  (212) 626-4100
Fax: (212) 310-1600

and

BAKER & McKENZIE LLP
and Lisa S. Brogan
One Prudential Plaza, Suite 3900
130 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-3070
Fax: (312) 861-2899
ATTORNEYS FOR DEFENDANT
ENERGY INSURANCE MUTUAL
LIMITED

NYCDMS/1160293.5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Defendant EIM's Memorandum of Points and Authorities in Support of Its Motion to Dismiss was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following, this 20th day of September, 2010 to the following (if electronic service to Howrey LLP is unavailable, service by mail to that firm is hereby certified):

Robert T. Haar                                 Jill B. Berkeley
Susan E. Bindler                               David H. Anderson
Lisa A. Pake                                   Seth D. Lamden
Alison Esbeck                                  Howrey LLP
Haar & Woods, LLP                              321 N. Clark St., Suite 3400
1010 Market Street, Suite 1620                 Chicago, IL 606054
St. Louis, MO 63101                            Attorneys for Plaintiff Union Electric
Attorneys for Plaintiff Union Electric         Company, Inc.
Company, Inc.


                                        /s/ Alan K. Goldstein_____

12