UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY d/b/a | ) | |
| AMERENUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-1153 (CEJ) |
| | ) | |
| ENERGY INSURANCE MUTUAL LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court following remand by the court of appeals for a determination of whether enforcement of the forum selection clause in the parties' contract violates Missouri's public policy against enforcement of mandatory arbitration provisions in insurance agreements.  Also before the court is the defendant's request for oral argument.  The parties have filed memoranda, and the issues are fully briefed.

### I.    Background

Plaintiff Union Electric Company (Union Electric) owns and operates the Taum Sauk hydroelectric  power plant in Missouri.  On December 14, 2005, the upper reservoir experienced a sudden catastrophic breach, causing extensive damage to the surrounding area.  Plaintiff sought coverage from defendant Energy Insurance Mutual Limited (EIM), pursuant to a second-layer excess liability policy with a coverage limit of $100 million.  Defendant paid $68 million.  In this action, plaintiff asserts claims of breach of contract and vexatious refusal to pay.  Plaintiff seeks damages as well as declaratory and injunctive relief.

Defendant moved to dismiss the complaint on two bases: First, the contract required the parties to engage in a "mini-trial" as a condition precedent to bringing

suit.[1]  Second, defendant argued that venue in this district was improper because the

parties' contract contains the following forum selection clause:

> To the extent that any claim or controversy between the Insured and the
> Company hereunder is not subject to arbitration for any reason
> whatsoever, the United States District Court for the Southern District of
> New York shall have exclusive jurisdiction hereof.

Previously, the court agreed with defendant on both grounds, holding that the

mini-trial requirement and forum-selection clause were valid and enforceable.  The

United States Court of Appeals for the Eighth Circuit reversed, finding that this court's

analysis of the forum-selection clause was incorrect.  Union Electric Co. v. Energy

Insurance Mutual Limited, 689 F.3d 968, 973 (8th Cir. 2012).  Specifically, the

appellate court held that it was error not to address whether "enforcement of the

forum selection clause in favor of New York courts would result in enforcement of the

mandatory arbitration provision, thereby contravening Missouri's public policy against

the enforcement of such provisions."  Id. at 974 (citing Sturgeon v. Allied Professionals

Ins. Co., 344 S.W.3d 205, 210 (Mo. Ct. App. 2011)).  The Eighth Circuit declined to

address this court's decision on the mini-trial issue.  Id. at 975 n.5.

## II.  Standard of Review

"[A] district court sitting in diversity jurisdiction and applying federal law must

apply the standard articulated in Bremen to the question of whether to enforce a forum

selection clause through dismissal."  Union Electric Co., 689 F.3d at 973 (citing M/S

Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)).  "Forum selection clauses are

---

[1]The contract specifies a series of dispute-resolution steps, which are set out in
full in the Memorandum and Order entered on January 10, 2011 [Doc. #27].  In
summary, the parties agreed to attempt to resolve any dispute by use of a mini-trial;
if that failed, the dispute would be submitted to arbitration.  If for some reason a
dispute was not subject to arbitration, the U.S. District Court for the Southern District
of New York "shall have exclusive jurisdiction" over any litigation.  Policy, § IV(J).
Another provision provides that the contract is governed by the law of New York.  §
IV(I).

*prima facie* valid and are enforced unless they are unjust or unreasonable or invalid." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750 (8th Cir. 1999) (citing Bremen). When "the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006) (citing Bremen, 407 U.S. at 17). "While inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause, a party can avoid enforcement of the clause by showing that proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Union Electric Co., 689 F.3d at 974 (internal citations and quotations omitted). In the Eighth Circuit, the analysis under Bremen must also include consideration of the public policy of the forum state. Id. (citing Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc., 806 F.2d 848, 852 (8th Cir. 1986)). "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Bremen, 407 U.S. at 15.

## III. Discussion

### A. Missouri Public Policy

Missouri law deems arbitration agreements in insurance contracts to be unenforceable and against public policy. The Missouri Arbitration Act provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance or contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. Contracts which warrant new homes against defects in construction and reinsurance contracts are not "contracts of insurance or contracts of adhesion" for purposes of the arbitration provisions of this section.

§ 435.350, Mo.Rev.Stat. (emphasis added).

After the dismissal order was entered in this case, the Missouri Court of Appeals issued a ruling in a case involving an insurance policy provision that designated California law as the governing law. Sturgeon v. Allied Professionals Ins. Co., 344 S.W.3d 205, 210 (Mo. Ct. App. 2011). The contract in that case also had a mandatory arbitration provision. The court of appeals "recognize[d] that generally parties may choose the state whose law will govern the interpretation of their contractual rights and duties." Id. Missouri courts will not honor the parties' choice of law, however, if doing so is contrary to a fundamental policy of Missouri. Id. And, the court stated, § 435.350 was an expression of Missouri's public policy by the legislature. Id. The court concluded that application of California law would be contrary to Missouri public policy because it would allow enforcement of the arbitration clause in the policy. Id. Thus, Sturgeon makes clear that it is against Missouri's public policy to enforce an insurance contract's (1) mandatory arbitration provision or (2) choice-of-law or forum-selection provision if doing so is likely to result in enforcement of an arbitration provision.

Defendant argues that the public policy concern does not apply to the insurance contract in this case. Initially, the defendant notes that the parties are both "large sophisticated parties with equal bargaining power." However, § 435.350 declares arbitration clauses in insurance contracts, other than reinsurance contracts, void and unenforceable. See Sturgeon 344 S.W.3d at 217 ("[M]andatory arbitration clauses in any insurance contract are void and against public policy.") (emphasis in original). Defendant's argument that the statute does not apply between parties of equal bargaining power would require the court to read into the statute an exception that does not appear there. See Rich v. Peters, 50 S.W.3d 814, 820 (Mo. Ct. App. 2001)

-4-

(rejecting argument that statute referring to "all county officers" did not apply to county collectors as contrary to the statute's plain meaning).

Defendant describes itself as "a joint venture among utilities, structured as a mutual insurance company" and owned by the insureds.  Def. Supp. Memo at 4 [Doc. #47].  The insurance contract was drafted by the member insureds, who decided it was in their collective best interest to select a common governing law, and agreed upon the law of New York.  See policy § IV(I) ("In view of the diverse locations of the parties purchasing insurance from the Company and the desirability of unified regulation, the parties agree that the Policy shall be construed and enforced in accordance with governed by the internal law of the State of New York.").  Thus, defendant asserts, the parties' contract does not fall within the terms of § 435.350. Plaintiff correctly argues that these facts are irrelevant because, again, the court cannot read into the statute an exception for mutual insurance companies.

Defendant notes that plaintiff signed a renewal application in which it specifically warranted that it had "received and reviewed the mandatory Choice of Law and Arbitration provisions contained in the current policy and agrees to be bound by such mandatory provisions should a policy be issued."  Def. Supp. Memo at 2 [Doc. #47]. In addition, plaintiff has elsewhere asserted that substantively identical arbitration clauses in insurance policies are enforceable.   Defendant argues, with some justification, that plaintiff "cannot have it both ways."  Id. at 3.  However, as defendant concedes, parties cannot waive or change public policy by agreement.  Id. at 14 and 15.  See High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 498 (Mo. 1992) (en banc) (forum selection clause in distributorship unenforceable in light of strong public policy expressed in Missouri statute).  "Having enacted paternalistic legislation designed to protect those that could not otherwise protect themselves, the Missouri

-5-

legislature would not want the protections of [a statute governing cancellation of franchises] to be waived by those deemed in need of protection." Id. (quoting Electrical and Magneto Service Co., Inc. v. AMBAC International Corp., 941 F.2d 660 (8th Cir. 1991)). Defendant has not cited any case to support its argument that plaintiff's self-serving inconsistencies somehow vitiate Missouri's public policy against enforcement of arbitration provisions in insurance contracts.[2]

## B. Application of New York Law

The parties selected the United States District Court for the Southern District of New York as the proper forum for litigation and the law of New York as the governing law. As discussed above, under Bremen, the court cannot enforce the forum-selection provision of the parties' contract if doing so would result in the application of New York law and the enforcement of the arbitration provision.

Klaxon v. Stentor Elec. Mfg. Co. requires the federal court in the Southern District of New York to apply New York's choice-of-law principles. 313 U.S. 487 (1941) (federal court must follow the conflict-of-law rules of the state in which it sits). New York law provides that in "contracts covering high-value transactions, . . . a choice of law clause selecting New York law will be honored regardless of the contacts between the state and the transaction." Usach v. Tikhman, 2011 WL 6106542 (S.D.N.Y. Dec. 7, 2011); see also N.Y. Gen. Oblig. Law § 5-1401(1) ("The parties to any contract . . . covering in the aggregate not less than two hundred fifty thousand dollars . . . may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation

---

[2]Defendant argues that it should be allowed to take discovery on plaintiff's inconsistent statements on the enforceability of the arbitration provision. However, defendant has not identified a legal basis on which the court may conclude that plaintiff's conduct is relevant to the public-policy analysis. Thus, the discovery defendant seeks is irrelevant.

to this state.") (emphasis added). Furthermore, "[s]ection 5–1401 does not provide for any exceptions that would permit a court to decline to enforce a choice-of-law clause if the clause would infringe a fundamental public policy interest of the conflicting jurisdiction." Sun Forest Corp. v. Shvili, 152 F. Supp. 2d 367, 388 (S.D.N.Y. 2001). Thus, the Southern District of New York would enforce the choice-of-law provision and apply New York's law to this matter.

Plaintiff asserts, and defendant does not dispute, that New York law provides for the enforcement of written agreements to arbitrate, "without regard to the justiciable character of the controversy." N.Y. C.P.L.R. § 7501. Under New York law, "[t]here is no question that under normal circumstances, a dispute as to an insurer's coverage or liability is a proper subject for binding arbitration." Long Island Coll. Hosp. v. Gov't Emp. Ins. Co.,398 N.Y.S.2d 254, 255 (N.Y. Sup. Ct. 1977). Thus, enforcement of the forum-selection provision in the parties' contract would likely result in the enforcement of the arbitration provision, an outcome that is against Missouri public policy.

Defendant argues that, even if the arbitration provision is unenforceable, the court may still dismiss the case pursuant to the forum-selection clause. As quoted above, the forum-selection clause applies if "any claim or controversy between the Insured and the Company hereunder is not subject to arbitration for any reason whatsoever." Defendant argues that the court should dismiss the case because "there is no possibility that a court in New York will be able to enforce an arbitration provision that this Court has decided is unenforceable." Def. Supp. Memo at 18. Again, defendant has not supported this assertion with citation to any legal authority and it simply is not the case that this court's determination of the issues under Missouri law would have any preclusive effect in a subsequent action governed by New York law.

\* \* \* \* \*

-7-

For the reasons discussed above, the Court concludes that the Missouri's public policy against the enforcement of mandatory arbitration provisions in insurance contracts invalidates the forum-selection clause.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transmit this Memorandum and Order to the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that the defendant's request for oral argument [Doc. # 52] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2013.