UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC COMPANY d/b/a AmerenUE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  Case No. 4:10-CV-1153 (CEJ) ) |
| ENERGY INSURANCE MUTUAL LIMITED, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to transfer under 28 U.S.C. § 1404(a) or, in the alternative, to dismiss under Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.[1]

I.  **Background**

Plaintiff Union Electric Company (Union Electric) owns and operates the Taum Sauk hydroelectric power plant in Missouri. On December 14, 2005, the upper reservoir experienced a sudden catastrophic breach, causing extensive damage to the surrounding area. Plaintiff sought coverage from defendant Energy Insurance Mutual Limited (EIM), pursuant to a second-layer excess liability policy with a coverage limit of $100 million. Defendant paid $68 million. In this action, plaintiff asserts claims for breach of contract and vexatious refusal to pay, seeking damages as well as declaratory and injunctive relief.

Defendant moved to dismiss plaintiff's complaint on two bases: First, the contract requires the parties to engage in a "mini-trial" as a condition precedent to

---

[1]Defendant separately filed a motion to dismiss based on the contract's mini-trial provisions. The parties agree that defendant's motion to transfer must be decided first.

bringing suit.² Second, defendant argued that venue in this district was improper because the parties' contract contains the following forum selection clause:

> To the extent that any claim or controversy between the Insured and the Company hereunder is not subject to arbitration for any reason whatsoever, the United States District Court for the Southern District of New York shall have exclusive jurisdiction hereof.

Relevant to the present motion, the court held that the forum-selection clause was valid and enforceable.³ On appeal, the Eighth Circuit held that: (1) the court was correct in applying the standard articulated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), to the question of whether to enforce a forum selection clause through dismissal; but (2) the court incorrectly applied the Bremen standard by failing to give "due consideration" to Missouri public policy. Union Elec. Co. v. Energy Ins. Mut. Ltd., 689 F.3d 968, 973-74 (8th Cir. 2012). Specifically, the appellate court held that it was error not to address whether "enforcement of the forum selection clause in favor of New York courts would result in enforcement of the mandatory arbitration provision, thereby contravening Missouri's public policy against the enforcement of such provisions." Id. at 974 (citing Sturgeon v. Allied Professionals Ins. Co., 344 S.W.3d 205, 210 (Mo. Ct. App. 2011)).⁴

---

²The contract specifies a series of dispute-resolution steps, which are set out in full in the Memorandum and Order entered on January 10, 2011 [Doc. #27]. In summary, the parties agreed to attempt to resolve any dispute by use of a mini-trial; if that failed, the dispute would be submitted to arbitration. If for some reason a dispute was not subject to arbitration, the U.S. District Court for the Southern District of New York "shall have exclusive jurisdiction" over any litigation. Policy, § IV(J). Another provision provides that the contract is governed by the law of New York. § IV(I).

³The court also held that the complaint should be dismissed because plaintiff failed to comply with the mini-trial provisions of the contract. Doc. #27 at pp. 4-5.

⁴The Eighth Circuit declined to address the mini-trial issue. Id. at 975 n.5.

On remand, the court conducted the public-policy analysis under <u>Bremen</u>. "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decisions." <u>Bremen</u>, 407 U.S. at 15. Missouri deems arbitration agreements in insurance contracts to be unenforceable, § 435.350, Mo.Rev.Stat., and the Missouri Court of Appeals has held that it is against the state's public policy to enforce a contractual choice-of-law provision that would allow for the enforcement of an arbitration clause in an insurance policy. <u>Sturgeon v. Allied Professionals Ins. Co.</u>, 344 S.W.3d 205, 210 (Mo. Ct. App. 2011). The court determined that enforcement of the forum selection provision in this case would result in the application of New York law and enforcement of the contract's arbitration provision, in violation of Missouri law. The court accordingly held that Missouri's public policy against the enforcement of mandatory arbitration provisions in insurance contracts invalidated the forum-selection clause in this contract.

Defendant now moves to transfer under 28 U.S.C. § 1404(a) or, in the alternative, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), citing the Supreme Court decision in <u>Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas</u>, --- U.S. ---, 134 S. Ct. 568 (2013). Plaintiff argues that defendant's motion is untimely and therefore should be denied. The court disagrees. Due to the parties' extensive litigation regarding the proper forum, the case remains at an early stage—there has been no discovery nor entry of a scheduling order and defendant has not yet filed an answer.

II. <u>Discussion</u>

    A. **<u>Atlantic Marine</u>**

At issue in Atlantic Marine was a clause in a construction contract designating the state and federal courts of Norfolk, Virginia, as the venue for litigation. Id. at 575. Despite the forum-selection clause, the subcontractor J-Crew Management, Inc., filed suit in the Western District of Texas, where the construction site was located. Atlantic Marine moved to dismiss the suit pursuant to 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(3). The district court denied the motion to dismiss, determining that § 1404(a) is the exclusive mechanism for enforcing a forum-selection clause that designated another federal forum. Id. at 576. The court then determined that Atlantic Marine bore the burden of proving that transfer was appropriate under § 1404(a) under a "nonexhaustive list of public and private interest factors," and that the forum-selection clause was "only one such factor." Id. (quoting United States ex rel. J-Crew Management, Inc. v. Atlantic Marine Constr. Co., 2012 WL 8499879, at *5 (W.D. Tex., Apr. 6, 2012)). The district court found that Atlantic Marine had failed to carry its burden under § 1404(a). The Fifth Circuit Court of Appeals denied Atlantic Marine's petition for a writ of mandamus, finding, in relevant part, that the district court had not clearly erred in refusing to transfer the case after completing the balancing-of-interests analysis under § 1404(a). Id.

The Supreme Court reversed. The court first clarified that the proper means to enforce a forum-selection clause is through a motion to transfer under 28 U.S.C. § 1404(a), rather than a motion to dismiss under § 1406(a) and Fed.R.Civ.P. 12(b)(3). Atlantic Marine, 134 S. Ct. at 579-80. Moreover, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Atlantic Marine, 134 S. Ct. at 579.

The Supreme Court concluded,

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding the parties to their bargain.

Id. at 583.

### B. Validity of the Forum-Selection Clause

The § 1404(a) analysis in Atlantic Marine presupposes a "valid" forum selection clause. The court previously determined that the parties' forum-selection clause is invalid under Bremen's public-policy prong because enforcement would violate Missouri's public policy against enforcement of arbitration provisions in insurance contracts. Plaintiff argues that the court's analysis is still valid under Atlantic Marine, suggesting that the Atlantic Marine court relied on Bremen throughout its analysis. The court disagrees. The Atlantic Marine opinion cites Bremen for a proposition that actually undermines plaintiff's position: "Whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." Id. at 582 (alterations in original) (quoting Bremen, 407 U.S. at 17-18). Plaintiff fares no better with its citation to Monastiero v. appMobi, Inc., --- F. Supp. 2d ---, 2014 WL 524463, *1-2 (N.D. Cal. Feb. 6, 2014), in which the court initially declined to enforce a forum-selection clause where doing so would violate the forum state's public policy. However, the Monastiero court subsequently granted defendant's motion to reconsider and determined that the forum-selection clause was enforceable. Monastiero v. appMobi, Inc., C 13-05711 SI, 2014 WL 1991564, at *6 (N.D. Cal. May 15, 2014).

For the following reasons, the court concludes that it is appropriate to set aside its earlier determination that the forum-selection clause is invalid under Bremen. the earlier analysis arose in the context of a motion to dismiss pursuant to Fed.R.Civ.P. 12, while the present motion arises under § 1404(a). In Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988), the Supreme Court addressed the proper standard to apply to a motion brought under § 1404(a) to enforce a forum selection clause in a case arising under diversity jurisdiction. In Stewart, the district court refused to enforce a forum selection clause, reasoning that Alabama law governed the issue, and Alabama looked unfavorably on contractual forum-selection clauses. Id. at 24. The Eleventh Circuit Court of Appeals applied the Bremen standard and concluded that the forum-selection clause was enforceable. The Supreme Court affirmed, though on different grounds. Id. at 25. As relevant to this case, the court stated that, though Bremen "may prove 'instructive,'" the appellate court erred by analyzing the enforceability of the clause under Bremen rather than § 1404(a). Section 1404(a) codifies "multiple considerations" governing transfers within the federal system and it is error to allow a state policy focused on a single concern or subset of the statutory factors to defeat "the flexible and multifaceted analysis that Congress intended." Id. at 31. In this case, applying only Missouri's policy against enforcing forum-selection clauses that appear in insurance contracts with mandatory arbitration provisions would defeat the multifaceted analysis intended by Congress as codified in § 1404(a). Under Stewart, therefore, the Court must set aside its earlier determination that the forum-selection clause is invalid.[5]

---

[5]The court has reviewed the cases plaintiff cites in its supplemental brief to support its contention that the validity of a forum-selection clause under § 1404(a) is governed by Bremen. In most of the cases plaintiff relies on, the courts cited

In addition, defendant has waived its right to seek arbitration. See Ann M. Joslin Decl. [Doc. #65-1] (stating under penalty of perjury "that wherever this dispute is litigated, EIM will not seek arbitration."). Despite the federal policy favoring arbitration, a contractual right to arbitration can be waived, either explicitly, as here, or implicitly. Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Products, Inc., 660 F.3d 988, 994 (7th Cir. 2011). As a result of defendant's waiver, the Missouri public policy against enforcing arbitration provisions in insurance contracts is no longer implicated. Finally, the question of whether the parties would be obliged to undertake arbitration in this case is a function of the parties' designation of New York law, not the forum, to apply to litigation. "A forum-selection clause determines where an action will be heard, and is separate and distinct from choice of law provisions that are not before the court." Adema Technologies Inc. v. Wacker Chemie AG, 13-CV-05599-BLF, 2014 WL 3615799, at *4 (N.D. Cal. July 22, 2014); see also Harland Clarke Holdings Corp. v. Milken, SA-13-CA-724-XR, 2014 WL 468840, at *22 (W.D. Tex. Feb. 4, 2014)

---

Bremen but then enforced the forum selection clause, without discussion of Bremen's public-policy prong. See, e.g., Fubon Ins. Co. Ltd. v. OHL Int'l, 12 CIV. 5035 RJS, 2014 WL 1383604, *5 (S.D.N.Y. Mar. 31, 2014) (if clause was reasonably communicated, mandatory, and applicable, then clause is presumptively enforceable unless the party resisting enforcement can show that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.") (internal citations and quotation marks omitted). In one of the cited cases, the court determined that a forum-selection clause was not unreasonable or unjust under Bremen, even though there was no right to a jury trial in the selected forum. Russel v. De Los Suenos, 13-CV-2081-BEN DHB, 2014 WL 1028882, at *7 (S.D. Cal. Mar. 17, 2014) ("Plaintiffs agreed to the clause despite the lack of a right to trial by jury."). In only one of the cited cases did a court refuse to enforce a forum-selection clause, which appeared in a consent-to-treatment form in violation of a Puerto Rican law explicitly barring health care providers from including such clauses in informed consent documents and, additionally, was the product of overreaching. Maldonado-Falcon v. Hosp. Espanol Auxilio Mutuo De Puerto Rico, Inc., CIV. 12-1907 SEC, 2014 WL 609664, at *5 (D.P.R. Feb. 18, 2014). No similar circumstance applies here.

(rejecting argument that forum-selection clause should not be enforced as violating forum state's public policy, as going to the choice-of-law clause, not the forum-selection clause).

Thus, the court must re-evaluate whether the parties' forum-selection clause is valid. Under § 1404(a), the validity of a forum-selection clause "must first be determined under general contract law and . . . where a contractually valid forum-selection clause exists, the extremely high bar of Atlantic Marine applies to the question of whether that clause is enforceable." Guest Assocs., Inc. v. Cyclone Aviation Prods., Ltd., --- F. Supp. 2d ---, 2014 WL 2973152, at *2 (N.D. Ala. June 30, 2014) (drawing distinction between validity and enforceability of forum-selection clauses); see also P&S Bus. Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (validity of forum selection clause is determined under the usual rules governing the enforcement of contracts, including whether the clause was freely and fairly negotiated, and whether there was any fraud, duress, misrepresentation, or other misconduct) (citation omitted).

Applying these general contract factors here, the court concludes that the forum-selection clause is valid. The policy at issue was freely entered into between two large commercial entities operating at arm's length. Doc. #27 at p.8. This dispute does not involve a contract of adhesion -- indeed, defendant is a mutual insurance company owned by its member insureds, including plaintiff, and executives from the insured utility companies fill 10 of the 12 positions on defendant's board of directors. Decl. of Jill C. Dominguez, ¶7 [Doc. #44-2]. Finally, plaintiff has not argued that the forum-selection clause is invalid due to fraud, duress, misrepresentation, or other misconduct.

### C. Enforceability of the Forum-Selection Clause

In Atlantic Marine, the Supreme Court noted that a "typical" analysis under § 1404(a) -- *i.e.*, one not involving a forum-selection clause -- requires a district court to evaluate both the convenience of the parties and various public interest considerations to determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and 'otherwise promote the interest of justice.'" Id. at 581 (quoting § 1404(a)). The private factors generally relate to the "practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The court must also give some weight to the plaintiffs' choice of forum." Id.

A valid forum-selection clause changes the § 1404 calculus, however, because such a clause "represents the parties' agreement as to the most proper forum" and should be "given controlling weight in all but the most exceptional circumstances." Id. (quoting Stewart Org., 487 U.S. at 31, 33). Thus, when there is a valid forum-selection clause, the district court must adjust the usual § 1404(a) analysis in three ways: First, the plaintiff's choice of forum merits no weight. Instead, as the party "defying" the clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. (by agreeing to a forum-selection clause, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises.") Second, a court considering a defendant's motion to transfer based on a forum-selection clause "should not consider arguments about the parties' private

-9-

interests" and the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 582. Once parties agree to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient," and the district court may consider public-interest factors only. Id. These factors "will rarely defeat a transfer motion" with "the practical result . . . that forum-selection clauses should control except in unusual cases." Id. Finally, a party flouting its contractual obligation by filing suit in a different forum will not carry with it the choice-of-law rules of that improper forum. Id. Thus, after transfer, the court in the contractually selected venue should not apply the law of the transferor venue. Id. at 583. The court balances the "near controlling weight of the forum-selection clause, representing a finding that all of the private-interest factors fall in favor of the selected forum, against the public-interest factors which, in almost all cases will not outweigh the forum-selection clause." Guest Assocs., 2014 WL 2973152, at *4.

Turning to the public interest factors in this case, the court first considers the administrative difficulties flowing from court congestion. Plaintiff has not presented any evidence that administrative difficulties or court congestion will be a significant factor if this case is transferred to the Southern District of New York and this factor is given no weight.

The court next considers the public interest in having localized controversies decided at home. Plaintiff argues that this factor militates against transfer because "Missouri has an interest in ensuring that [defendant] fairly recognizes its obligations to [plaintiff] with respect to liability arising from a risk that [defendant] insured within the State." Doc. 23 at p.1. All states have an equal interest in ensuring that parties abide by their contractual agreements. "The expansion of American business and

industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts." See Bremen, 407 U.S. at 9. Although the Bremen court was addressing a forum-selection clause in the context of a transnational contract, its reasoning applies with equal force here. Plaintiff cites no reason to believe that Missouri's interest in enforcing freely-contracted-for obligations will be impaired by trial in a New York forum. Furthermore, this interest was presumptively taken into account when the parties agreed to litigate in New York. Plaintiff also argues that the case should remain in Missouri because the insured loss involves the devastation of a state park. The court has previously rejected this argument, noting that "the parties' dispute does not concern whether plaintiff should remediate the damage caused by the [Taum Sauk] breach, for it has already undertaken the necessary restoration." Doc. #27 at p.8. The court also takes into account Missouri's policy against enforcing arbitration provisions in insurance contracts. See Monastiero, 2014 WL 1991564, at *6 (considering the public policy of the forum state in the public-interest analysis). This state policy provides some weight against transfer.

Finally, the court considers the public interest in having a diversity case tried in a forum that is at home with the law. The parties agreed that New York law would apply to their dispute, which weighs in favor of transfer to New York. See, Cardoni v. Prosperity Bank, No. 14-CV-319 CVE, 2014 WL 3369334, at *8 (N.D. Okla. July 9, 2014) (citing choice of law provision as factor favoring transfer).

After eliminating the private interest factors and considering the public interest factors, the court finds that the balance is in favor of transfer and plaintiff has not met its "burden of establishing that transfer to the forum for which the parties bargained

is unwarranted." Atlantic Marine, 134 S. Ct. at 581. Because the matter will be transferred pursuant to 28 U.S.C. § 1404(a), the court will not address defendant's alternative request to dismiss pursuant to Fed.R.Civ.P, 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer under § 1404(a) [Doc. #64] is **granted**.

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the Southern District of New York.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2014.